JACOB H. HORWITZ ET AL. *v.* TOWN OF WATERFORD ET AL.

KING, C. J., MURPHY, SHEA, ALCORN and COMLEY, Js.

Argued November 6, 1963—decided January 21, 1964

*Francis J. Pavetti,* for the appellants (defendants).

*Sidney Axelrod,* with whom was *Abraham A. Lubchansky,* for the appellees (plaintiffs).

SHEA, J. The plaintiffs brought this action for a declaratory judgment to determine whether a certain ordinance adopted by the defendant town is constitutional as applied to the plaintiffs' land. The court rendered judgment declaring the ordinance unconstitutional and issued an injunction restraining the defendants from enforcing the ordinance against the plaintiffs. The defendants have appealed.

In 1946, the plaintiffs purchased a lot in Waterford with a frontage of about 73 feet on Long Island Sound on the south and a depth of about 728 feet. The northern side of the lot is approximately 90 feet wide and abuts a private right of way which runs in an easterly and westerly direction. This right of way connects with another private right of way leading northerly to Shore Road, the nearest town-accepted street, which is about 840 feet north of the plaintiffs' property. The right of way to Shore Road is sixteen feet wide, of which nine feet are paved. On each side of this pavement the land is low, swampy brushland. The paved part of the road is not wide enough to permit two cars traveling in opposite directions to pass one another.

In 1920, a map showing a tract containing three lots was filed in the Waterford land records. The

middle lot is now owned by the plaintiffs. On the lots to the east and west of the plaintiffs' property are residences which are occupied by the owners.

When the plaintiffs purchased their property in 1946, there was no ordinance requiring lots for building purposes to abut accepted streets. In February, 1960, the town enacted an ordinance which prohibited the erection of any building and the issuance of any building permit for the erection of any building on any lot abutting an unaccepted highway or street. This ordinance provides that the zoning and planning commission may—solely with respect to a parcel of land where, owing to conditions especially affecting that parcel but not affecting generally the district in which it is situated, a literal enforcement of the ordinance would result in exceptional difficulty or unusual hardship, so that substantial justice will be done and the public safety and welfare secured—vary the application of the ordinance and authorize the issuance of a building permit for a building on a lot which does not abut an accepted highway or street, if (1) the variance is in harmony with the general purpose and intent of the zoning and subdivision regulations, due consideration being given to the conservation of the public health, safety, convenience, and welfare, and property values; (2) the parcel is in a layout or subdivision recorded in the office of the town clerk prior to the adoption of the Planning Enabling Act by the town of Waterford on September 29, 1947; and (3) the commission finds it is not desirable or feasible to lay out a public highway abutting the tract on which the building is proposed to be built. In February, 1960, the plaintiffs applied to the zoning and planning commission for a variance under the ordinance to permit the construction of a dwelling on

their land. The application was denied. Subsequently, in November, 1960, they applied to the defendant building inspector for a permit to erect a single-family, detached dwelling. The building inspector denied the application on the ground that the property does not abut an accepted street. The town requires, before a street can be accepted, that it be fifty feet in width and not less than thirty-four feet of its width be oiled. The zoning regulations of Waterford limit the use of the plaintiffs' land to residence purposes only.

The Waterford ordinance was adopted pursuant to General Statutes § 8-27, which authorizes any municipality having a planning commission to prohibit or regulate by ordinance the issuance of building permits for the erection of buildings or structures on lots abutting unaccepted highways or streets. The issue before us is whether the ordinance as applied to the plaintiffs' property is a proper exercise of the police power. The power to legislate for the safety, health or welfare of its people is inherent in the state by virtue of its sovereignty. *State* v. *Heller,* 123 Conn. 492, 496, 196 A. 337; *State* v. *Kievman,* 116 Conn. 458, 463, 165 A. 601. But this power is not unlimited. It cannot be exercised unless it bears a rational relationship to the subjects which fall fairly within the police power and unless the means used are not within constitutional inhibitions. The means used will fall within these inhibitions whenever they are destructive, confiscatory or so unreasonable as to be arbitrary. *State* v. *Hillman,* 110 Conn. 92, 105, 147 A. 294. Whether the exercise of the power exceeds the limitations imposed by the constitution depends on the circumstances of the particular case. Relevant factors to be considered in any case are

the alternatives available to the landowner, the degree of diminution in the value of his land, and the extent of public benefit to be derived from enforcing the prohibition. *Vartelas* v. *Water Resources Commission,* 146 Conn. 650, 654, 153 A.2d 822; *Del Buono* v. *Board of Zoning Appeals,* 143 Conn. 673, 677, 124 A.2d 915.

The defendants insist that there is no adequate means of access to the plaintiffs' property for the purpose of fire protection and that the plaintiffs have provided no assurance that reasonable safeguards for the public safety have been or will be taken. But the plaintiffs do not own any other land in the vicinity of the lot on which they propose to build, nor do they own or control any other property adjacent to, or between, their lot and the nearest accepted highway. Consequently, there is no land available which will enable them to satisfy the necessary requirements for acceptance as a town street. Some fire hazards already exist because there are wooden dwellings on the adjoining lots. Access to these houses may be gained only through the right of way which is the cause of concern to the defendants. Safety would not be appreciably affected by the addition of another house. The application of the ordinance to the plaintiffs' land would seem to be so harsh in comparison with the trivial public benefit, if any, which might result from its enforcement, that the ordinance is confiscatory when applied to the plaintiffs' land. *Jenckes* v. *Building Commissioner,* 341 Mass. 162, 166, 167 N.E.2d 757. The effect of the ordinance on the plaintiffs' property is to prevent its effective use for any purpose allowed by law. "An ordinance which *permanently* so restricts the use of property that it cannot be used for any reasonable purpose goes, it is plain,

beyond regulation, and must be recognized as a taking of the property. The only substantial difference, in such case, between restriction and actual taking, is that the restriction leaves the owner subject to the burden of payment of taxation, while outright confiscation would relieve him of the burden." *Arverne Bay Construction Co.* v. *Thatcher,* 278 N.Y. 222, 232, 15 N.E.2d 587.

There is no error.

In this opinion the other judges concurred.