[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a wetlands decision of the Old Lyme Conservation Commission pursuant to the provisions of Section 22a-43 and Section 4-183 of the Connecticut General Statutes.
Since this case also includes a claim in the alternative for just compensation for the taking of property, the matter has been bifurcated by the Court with the CT Page 4799 acquiescence of counsel so that should the decision require compensation for the taking of property, a subsequent hearing will be scheduled with regard to the value of the property and/or the amount of such compensation.
The plaintiffs Vito Palmisano and Virginia Palmisano are the owners of property known as 41 Biscayne Boulevard in Old Lyme, Connecticut, having acquired the same by deed in 1965. They applied to the Old Lyme Conservation Commission (hereinafter "Commission") for permission to conduct certain regulated activities within a wetland as shown on a plan which system to be located entirely within the 100-foot regulated area beyond the wetland boundary. No construction was proposed, however, within the actual wetlands. Nearly all of the plaintiffs' property is located within the 100-foot regulated area. Two public hearings were held on March 27, 1990, and on April 24, 1990 by the Commission. It is not disputed that at some time between the two hearings, some members of the Commission visited the site and gathered evidence for themselves. After the second hearing, the*
septic system.
The application was denied at a meeting held on May 22, 1990. The reasons given for the denial in the minutes of the meeting were "because of the closeness of the abutting neighbors' well (16 feet), to the proposed septic location and the proximity of the stream."
A hearing was held in this court on April 22, 1991, after the parties had completed their briefing as required by the rules of court. At that time, the plaintiff Vito L. Palmisano testified that he has been the owner of the property at all times relevant herein and was the applicant whose application was denied. The defendant does not contest aggrievement. The Court finds that the plaintiffs are aggrieved. Huck v. Inland Wetlands Watercourse Agency,203 Conn. 525 (1987).
The plaintiffs' complaint essentially sets forth three claims in support of this appeal. First, they claim that no proper reason was given for the denial of the application. Secondly, they claim that the record does not contain an adequate basis or substantial evidence to support the decision. Finally, the plaintiffs claim that the Commission failed to consider whether there was any feasible alternative to the plan set forth in the plaintiffs' application for the CT Page 4800 use of the land.
In connection with the argument that no proper reason was given for the denial, the plaintiffs place great emphasis on three particular claims:
 (1) The claim that the viewing of the site by some of the members between the first and second public hearing was not a noticed meeting and was an inappropriate illegal method of gathering information upon which to make a decision.
 (2) After the second meeting, the Commission received additional material after the hearing with regard to the neighbors' well on which it relied, and
 (3) The Commission was required to accept the expert testimony offered by the applicant.
The applicant/plaintiffs cite the Court to the case of Tanner v. Conservation Commission, 15 Conn. App. 336
(1988), for the proposition that the Commission may not ignore expert testimony and rely on their own expertise or knowledge. In response to that claim, the defendant Commission cites the case of Feinson v. Conservation Commission, 180 Conn. 421, 427
not required to believe any witness, even an expert.
The short answer to that issue is that this is not a case where there is no other evidence on the issue other than the expert testimony nor is the factual matter one which requires expert testimony. In this case, it can be seen that the neighbor, Mr. Garreffi, testified at the first public hearing (Return Item No. 10) that he had a well which was 12 feet from the septic system proposed by this applicant and that it was in use at his adjoining house. The plaintiffs' expert testified he found no well. The applicant here seems to argue that where the testimony of an expert differs from the testimony of a lay witness, the Commission is required to accept the testimony of the expert. No law has been cited for that proposition nor could any be found. The lay person in this case happens to be the occupant of the house where the well is used and it would not seem to the Court unreasonable that the Commission members were willing to rely on his testimony as to both where the well was located on his property and whether or not it was in use by him.
With respect to the plaintiffs' claims about the CT Page 4801 improperly received evidence, the defendants response has been that the information received by the Commission members on their site inspection and by virtue of a late filing related to matters which were thoroughly covered during the testimony at the two hearings and contained nothing new or different from those items which were reviewed at both hearings. The Commission, therefore, contends that since the applicants at the hearing had an opportunity to meet the evidence and to present its own arguments and evidence with regard to the location of the Garreffi well, the applicant was not deprived of due process by virtue of the information obtained outside of the record. In that regard, an administrative agency must act in accordance with the basic concepts of fair play. The right to a hearing means the right to a meaningful hearing with the awareness of what matters must be countered. The right to a hearing includes the right to notice of the matters to be heard. It embraces not only the right to present evidence, but also a reasonable opportunity to know the claims of the opposing party and to meet them. There is a failure of due process whenever either notice or the hearing, where required, has been so defective that a party has not been reasonably apprised of nor had the opportunity to contest the claims of the opposing party or to meet them. Leib v. Board of Examiners for Nursing, 177 Conn. 78, 82-83 (1979): Hart Twin Volvo Corp. v. Commissioner of Motor Vehicles, 165 Conn. 42,44-46 (1973).
In this case, it cannot be said after a review of the transcripts of the hearing and the opportunity the applicant had to learn of and counter the question of the location of the neighbors' well that any deprivation of due process was involved in what otherwise might have been an inappropriate procedure by the Commission.
With regard to the plaintiffs' second claim that there is no evidence or basis in the record to sustain the reasons for the decision, it should be noted that Record Item No. 3 which consists of a map of the Garreffi property showing a well near the property line of the plaintiff and the testimony at the first public hearing by Mr. Garreffi constitutes significant evidence with regard to the location of Mr. Garreffi's well within 16 feet of the proposed septic system on the plaintiffs' property. As indicated above, the Commission was not required to accept the testimony of the plaintiffs' expert or the argument of the plaintiffs' attorney that no well exists in the face of contradictory testimony by the owner of the adjoining property as to the location of his well. In this regard, the plaintiff seems to suggest that some "documentation" or physical evidence is required by the Commission, but this is simply not the law. CT Page 4802
The other reason for the decision, that is, the proximity to the wetlands is clearly a part of the record in the site development plan submitted by the applicant (Record Item No. 20) and the considerable reference at the hearing to the question of the possible percolation by the effluent through the ground to the stream nearby. The site development plan shows the stream to encroach upon the easterly lot line for the entire length of the lot. The transcript of the April 24, 1990 hearing (Record Item No. 9) is replete with questions by the Commission members and information offered by the plaintiffs' expert as to the rate of travel of effluent between the proposed septic system and the stream on the property including the possibility that pathogenic bacteria and nitrate dilution would reach the stream. Commission member Kotzan brought out through questioning of the plaintiffs' engineer that it takes 37 1/2 days for the effluent to reach the brook in the first instance and thereafter, 300 gallons a day would be going into the brook. The plaintiffs' expert testified that when the material reached the brook, it would no longer be effluent, but it would be of drinking water quality.
With testimony which was received at the hearing and the considerable interest shown by the members in the proximity of the stream to the primary septic system and reserve area (25 feet), it could hardly be said that there is no evidence in the record to support this reason for the decision.
It is well settled that the standard of review limits the court to determine whether there has been substantial evidence which reasonably supports the administrative decision. Feinson v. Conservation Commission,180 Conn. 421, 425 (1980). Where the record provides substantial evidence for the consideration of the Commission, the Court is not permitted to substitute its judgment for that of the Commission when it is acting within the prescribed legislative powers. Frito-Lay, Inc. v. Planning and Commission, 206 Conn. 554, 572-573 (1988); New Haven v. Freedom of Information Commission, 205 Conn. 767, 773 (1988). The reviewing court does not try the matter de novo and cannot substitute its judgment for that of the agency. Denby v. Commissioners, 6 Conn. App. 47, 52 (1986). Witnesses' credibility and the determination of issues of fact are areas within the province of the administrative agency. Hospital of St. Raphael's v. Commission on Hospital and Health Care,182 Conn. 314, 318 (1980). Under the standards established for review, the question is not whether the trial court would have reached the same conclusion as the administrative agency, but CT Page 4803 whether the record before the Commission supports the action which was taken. Altholtz v. Dental Commission, 4 Conn. App. 307,310 (1985).
Based upon that standard of review and after considering the arguments advanced by the parties, the Court concludes that there is sufficient evidence in the record to support the reasons for the decisions of the Commission and that the Commission's decision is sufficiently related to the appropriate functions of the Commission under the Inland Wetlands and Watercourses Act contained in Section 22a-37 et seq. of the Connecticut General Statutes.
The third general category of the plaintiffs' appeal relates to the claim that the decision of the Commission deprives the plaintiff of all practical use of their property and constitutes a taking for which they are entitled to compensation.
The plaintiffs' excellent memorandum sets forth a line of Connecticut cases outlining the constitutional prohibitions contained in Section 11 of Article First of the Connecticut Constitution and the Fifth and Fourteenth Amendments of the Constitution of the United States. In the case of Horwitz v. Waterford, 151 Conn. 320 (1964), our Supreme Court, in holding that an ordinance was confiscatory as applied to the plaintiff, said:
 ". . .The issue before us is whether the ordinance as applied to the plaintiffs' property is a proper exercise of the police power. The power to legislate for the safety, health or welfare, of its people is inherent in the state by virtue of its sovereignty. . . But this power is not unlimited. It cannot be exercised unless it bears a rational relationship to the subject which fall fairly within the police power and unless the means used are not within constitutional inhibitions. The means used will fall within these inhibitions whenever they are destructive, confiscatory or so unreasonable as to be arbitrary. Whether the exercise of the power exceeds the limitations imposed by the constitution depends on the circumstances of the particular case. Relevant factors to be considered in any case are the alternatives available to the landowner, the degree of diminution in the CT Page 4804 value of his land, and the extent of public benefit to be derived from enforcing the prohibition. ."
p. 323, 324.
It is clear that under our law at some point such a regulation could become confiscatory.
In that connection, however, the defendant argues that until it appears that a person has been finally deprived by the Commission of the reasonable and proper use of the property, it cannot be said that there has been an unconstitutional taking of property without just compensation. Brecciaroli v. Commissioner of Environmental Protection,168 Conn. 349, 356 (1975); Manor Development Corporation v. Conservation Commission, 180 Conn. 692, 695 (1980). See Cioffoletti v. Planning and Zoning Commission, 209 Conn. 544,562 (1989).
The defendant points out that all reasonable alternatives must be exhausted before a taking can be claimed to have occurred and refers to the fact that in the record the Commission itself has suggested alternatives available to the applicant. This alternative was the possibility of the use of a culvert to enclose the stream. No testimony was adduced at the hearing suggesting that no other alternative use of the property could be made. In the case of Gill v. Inland Wetlands and Watercourse Agency, 23 Conn. App. 379, at 390 (1990), the Appellate Court has made it clear that when the public interest is balanced against the private interest, the ordinance must restrict the use of the property for reasonable purpose before it goes beyond permissible regulation and amounts to confiscation.
In this case, not only has the door not been closed on other alternatives by the record before the Commission, but other alternatives were actually suggested by Commission members but not pursued by the applicant.
For that reason, the Court finds that there has been no taking of the plaintiffs' land at this stage of the matter.
For the reasons indicated above, the appeal is dismissed.
Leuba, J.