[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Eleanor Duplese, seeks a declaratory judgment and ancillary injunctive relief concerning the validity of certain zoning regulations enacted by the defendant Bethany Planning and Zoning Commission ("commission"). The plaintiff claims that the regulations at issue, both on their face and as applied, are unconstitutional because they limit her operation of a sand and gravel excavating operation on her land so stringently as to constitute a taking. She also seeks a determination whether the commission has authority to limit the area that may be excavated and whether the requirements of post-excavation grading and maintenance of a buffer zone between her property and abutting properties are illegal, arbitrary or an abuse of discretion. In her revised complaint, the plaintiff seeks declaratory judgments as to twelve questions:
 "A. Whether Section 7.6.a which prohibits a property owner from bringing present contours to a grade level with adjoining property is unconstitutional because it constitutes a taking or is illegal, arbitrary and in abuse of discretion.
 B. Whether Section 7.6.a which permits an undisturbed buffer zone of more than 100 feet from adjoining properties is unconstitutional because it constitutes a taking or is illegal, arbitrary and in abuse of discretion. CT Page 9547
 C. Whether Section 7.6.a which allows the commission to establish an undesignated buffer, in addition to the specified 100 feet is unconstitutional because it constitutes a taking or is illegal, arbitrary and in abuse of discretion.
 D. Whether Section 7.6(f) and the requirement of a 100 foot, or greater, buffer constitutes a taking without compensation.
 E. Whether, Section 7.6.f requirement of a final grade be 1:3 (vertical to horizontal) is unconstitutional because it constitutes a taking or is illegal, arbitrary and in abuse of discretion.
 F. Whether the 1:3 grade requirement of Section 7.6.f is unconstitutional because it constitutes a taking or is illegal, arbitrary and in abuse of discretion.
 G. Whether Section 7.6.j requirement for retention of all existing topographical features is unconstitutional because it constitutes a taking or is illegal, arbitrary and in abuse of discretion.
 H. Whether, under Section 7.6.m, the commission may require an application for permit may not exceed 3 acres total.
 I. Whether, under Section 7.6.m, the Commission may refuse to take into consideration the commercial nature of this removal operation, and refuse to establish an open work area for each of the different types of material obtained from the site, i.e. gravel, septic sand and dead sand.
 J. Whether, under Section 7.1.c, nuisance provisions may be applied without a further standard as to what constitutes a nuisance.
K. Whether the commission may terminate a CT Page 9548 nonconforming gravel operation, that has continued in use since the 1940's and has been recognized in its records as a nonconforming use.
 L. Whether the commission may refuse to recognize a twenty year plan approved prior to the July 17, 1989 amendment to the earth removal regulations."
The plaintiff has provided individual notice to abutting landowners in the Town of Bethany and notice by publication to residents of the town, and the court finds that the plaintiff has complied with the requirements of 390 P.B., which require notice to all interested parties.
The plaintiff owns approximately forty-four acres of land in the Town of Bethany together with an adjoining thirty-eight acres in the Town of Seymour. The property, which straddles the Seymour-Bethany town line, has been used as the site of a sand and gravel excavating, business, known as Molsick Sand and Gravel, Inc., since the 1940's. The plaintiff was preceded in the operation of the business by her father, Walter Molsick.
It is undisputed that the use of the plaintiff's property as a sand and gravel excavating site for commercial sale of earth materials predated the enactment of zoning in Bethany. The plaintiff's property is zoned residential, and the excavation business continues as a prior nonconforming use. The abutting properties of defendants Joseph A. Kriz, Jr., Barbara Kriz, John Kriz, Norma Kriz, and Edward W. Molsick are used for residential purposes.
The plaintiff's business is one of only three sand and gravel excavating sites in the Town of Bethany. Because the other operations are in terrain that is different from her property, the plaintiff claims that the zoning regulations that she challenges were enacted largely as a regulation of her property, in a manner meant to address the complaints of her neighbors, the Kriz families, and ultimately meant to be so restrictive that she will be effectively prevented from excavating on her forty-four acres in Bethany.
The plaintiff further contends that she should be allowed to excavate along the boundary with the abutting residential property CT Page 9549 so that she can bring the contours of her property down to a matching grade and then apply for residential subdivision approval.
The plaintiff's land lies in a zone designated as R-65,000. The town's only other classifications are R-130,000 (also residential) and B-1 (Business and Industrial).
At the time this action for a declaratory judgment was brought, 7.6(a) of the commission's regulations provided, concerning earth removal, filling and regrading, that an excavator must leave an undisturbed buffer zone of a minimum of one hundred feet from any property line or public road, and that the commission could require additional buffer areas if needed to reduce impact on surrounding premises. In 1991 the regulations were amended to provide, at 7.5(E)(2)(a), that the commission may change or eliminate the requirement of a one hundred foot buffer if it finds lack of adverse impact on adjoining parcels and if the affected adjoining owners give written notice that they do not object to the change or elimination of the buffer.
The 1991 regulations are in effect as of this date, and the parties agree that the issues should be adjudicated on the basis of review of the 1991 regulations. Those regulations require, at 7.5(E)(2)(d) that when excavation of an area is completed, the affected area must be graded so that its slopes are no steeper than a 1:3 grade, that is, so that there is a horizontal distance of three feet for each foot of vertical drop. Prior regulations required only a 1:2 slope, with the result that much less land area was needed to regrade the margins of an excavated area after it was exhausted.
The regulations, at 7.5(E)(2)(i); limit the area that can be an open working area at any one time to three acres in a residential zone. The regulations, at 7.5(E)(2)(f) permit the commission to require, in addition to other enumerated measures to control noise, dust, and vibration, "the maximum retention of existing natural buffering mechanisms, including retention of existing topographical features and existing ground and tree cover, to achieve such protection purposes."
The plaintiff complains that, in combination, these requirements mean that she must maintain totally undisturbed a buffer zone of one hundred feet with a slope away from the property line of 1:3, and that because of the height of the hill on the boundary line with the Kriz property, maintenance of such an CT Page 9550 undisturbed hill would require a 450 foot buffer and prevent her from excavating or making any other use of 13.7 acres of her forty-four acre property. She challenges this impact as an unconstitutional taking.
She further maintains that the commission has surrendered to the absolute discretion of abutters its duty to decide whether deviation from the buffer requirement is warranted and that the commission has failed to honor a twenty-year plan for excavation that she claims was approved in 1985.
The plaintiff further contends that the three-acre limitation is unconstitutionally arbitrary, given the five-acre use available in other zones.
The plaintiff has been granted a number of excavation permits over the years and is now operating her business under such a permit. Because of the buffer requirement, she has not filed a permit seeking to excavate along the boundary line with the Kriz properties, since she believes that such an application would be rendered futile by the buffer requirement set forth in the regulations.
General Principles
It is useful to precede a discussion of the plaintiff's particular claims with an explanation of some general guiding principles that apply to municipal regulations of land use.
Challenges to the validity or constitutionality of a zoning regulation may appropriately be made in declaratory judgment actions, as well as by other procedures. See Aaron v. Conservation Commission, 178 Conn. 173, 179 (1979); Aunt Hack Ridge Estates Inc. v. Planning Commission, 160 Conn. 109 (1970); Horwitz v. Waterford, 151 Conn. 320 (1964).
Municipal zoning authorities may regulate activities that are nonconforming within their zones, and uses that had been established as nonconforming uses are not exempt from all regulation merely by virtue of that status, 8-3(g) C.G.S.; Massimo v. Planning Commission, 41 Conn. Sup. 196, 203 (1989); 8A McQuillin, Municipal Corporations, (3d ed.) 25.182.
In exercising its authority to legislate restrictions on land use, the discretion of a planning and zoning commission is limited CT Page 9551 to regulations that are rationally related to the accomplishment of the statutory goals, set forth in 8-2 C.G.S., of protecting and promoting the public health, safety, convenience, property values, and the general welfare. Builders Service Corp. v. Planning and Zoning Commission, 208 Conn. 267, 306 (1988). In reviewing the validity of a land use regulation, "[e]very intendment is to be made in favor of the validity of [an] ordinance and it is the duty of the court to sustain the ordinance unless its invalidity is established beyond a reasonable doubt." Connecticut Theatrical Corporation v. New Britain, 147 Conn. 546, 553 (1960). Courts reviewing such regulations "must presume that the commission intended to undertake a valid exercise of the authority conferred upon it by 8-2." D J Quarry Products, Inc. v. Planning Zoning Commission, 217 Conn. 447, 455 (1991).
The court will now proceed to apply these general principles to the claims raised.
A. Limitation on area under excavation
At the time the defendant enacted the three-acre limitation and the requirement of a buffer next to adjoining residential properties, it had received copious evidence, in the form of testimony from town residents and documentation of abatement efforts by state environmental agencies, that sand and gravel excavations created large quantities of airborne sand and dust that adversely affect the safety and value of downwind properties. Specifically, the commission had been presented with evidence that the abutters of the plaintiff's operation experienced blown sand and dust so heavy that trees on their property were coated with sand, vehicles parked on their property became covered with sand, and gutters became filled with airborne materials even when excavation was carried on at some remove from the property line. The commission had received copies of studies indicating that vegetative buffers were useful in controlling such conditions.
The court therefore concludes that the requirement of a buffer zone with maximum retention of natural buffers, such as trees, as provided in 7.5(E)(2)(f), is rationally related to achieving statutory goals. The same considerations establish the rational relation of the restrictions on the size of the area under excavation (7.5(E)(2)(i)) to the regulatory goals mandated by C.G.S. to a sand and gravel business operating in proximity to residential properties and justify authorization of a smaller area of excavation than is allowed in other zones. The plaintiff has CT Page 9552 not established that these regulations are invalid.
B. Slope of completed excavation
The court does not find, however, that the requirement of a 1:3 grade or slope in completed excavation areas was shown to be rationally related to the statutory goals. Newton Borgerson, who presided over the commission's consideration of the zoning amendments as chairman, conceded that slopes with a 1:2 grade, the standard set forth in earlier versions of the regulations, are stable and had not been shown to create any additional risk or volume of blowing sand, dust, or other problems that would affect the public health, safety, or property values.
Though Mr. Borgerson stated that the 1:3 slope was based on guidelines for soil erosion control issued by the Connecticut Council on Soil and Water Conservation (Ex. 8) those guidelines recommend only a 1:2 slope unless the slope must be mowed, a requirement not present here.
A geologist presented as an expert by the defendant Kriz Lies likewise testified that the 1:3 grade requirement served no purpose with regard to the stability of sand or dust and the commission presented no evidence whatever to suggest that the 1:3 slope requirement serves any proper regulatory purpose. The requirement does, however, restrict very considerably the amount of earth materials that the plaintiff can remove from her premises, and it also restricts the land area that she can use. Since the restriction has been shown beyond a reasonable doubt to be unrelated to statutory goals, that portion of 7.5(E)(2)(d) that requires restoration of an excavated area so that its slope is no steeper than a 1:3 grade is found to be invalid and unenforceable
C. Delegation of approval power to abutters,
The court also finds merit in the plaintiff's claim that 7.5(E)(2)(a) of the regulations on excavating impermissibly delegates to adjoining landowners the power to make determinations which, by statute, only the commission may make. As written, the regulation would require the commission to refuse to eliminate the buffer requirement even if it found a lack of adverse impact if abutting property owners refused to provide written notice of lack of objection to the elimination. Section 8-3c C.G.S. confers on planning and zoning commissions authority to grant or deny applications for special permits, exceptions and exemptions. While CT Page 9553 that statute requires notice to abutting landowners so that they may have an opportunity to be heard, the statute provides that it is the commission, not the abutters, that "shall decide upon such an application." The Commission has identified no statute that permits it to grant a veto to an abutter regardless of the commission's own finding on the merits of the application.
While an administrative agency may condition its action on approval by another administrative agency with jurisdiction as to a particular use application, see Lurie v. Planning and Zoning Commission, 160 Conn. 295, 307 (1971), the commission may not delegate its statutory duty to determine the merits of an application to a citizen by requiring an applicant to obtain consent from that citizen. To the extent that 7.5(E)(2)(a) requires consent by an abutter as well as a finding by the commission, it is invalid.
D. Claim of unconstitutional taking
The plaintiff claims that the requirement of a buffer between her sand and gravel operation and the abutting properties, including the various limitations on excavation imposed by the requirement of both the buffer area and the area needed for a 1:3 slope, restrict her use of her property so extensively as to constitute a taking. She claims that she cannot use her property sufficiently as the site of a sand and gravel operation nor operate the sand and gravel business in such a way that the land abutting the residential properties is levelled to the grade of the abutters' properties in order to prepare the land for eventual residential development.
The plaintiff argues that if she were to develop or sell the land nearest her residential neighbors for use as a residential subdivision, she would be allowed to grade without retaining a buffer zone. She claims that the limits on her excavations, as a whole, deprive her of the reasonable use of her property. The plaintiff is not, however, at this time seeking subdivision approval, such that proposed grading would proceed at a speed usual to such development, but rather she seeks to continue to operate a sand and gravel operation, removing the required buffer at a rate mandated by her company's ability to market earth materials removed.
The commission has no duty to suspend regulations applicable to a sand and gravel operation because of a bare representation CT Page 9554 that the ultimate use of the land at the end of such an operation will be for residential purposes. Since the plaintiff has not actually applied to the commission for residential site plan approval, no issue concerning such a development application is before this court. Rather, the court must determine whether the commission's restrictions on the plaintiff's present use of her land as a commercial sand and gravel business are so stringent as to constitute a confiscation without compensation.
Zoning regulations, so far as they reasonably promote the public health, safety and welfare, are constitutional even though their effect may be to limit the exercise of private property rights. Primerica v. Planning Zoning Commission, 211 Conn. 85,98 (1989); Chevron Oil Co. v. Zoning Board of Appeals, 170 Conn. 146,151 (1976), Poneleit v. Dudas, 141 Conn. 413, 417-18 (1954). "Short of regulation which finally restricts the use of property for any reasonable purpose resulting in a `practical confiscation', the determination of whether a taking has occurred must be made on the facts of each case with consideration being given not only to the degree of diminution in the value of the land but also to the nature and degree of public harm to be prevented and to the alternatives available to the landowner." Cioffoletti v. Planning Zoning Commission, 220 Conn. 362, 368 (1991), Brecciaroli v. Commissioner of Environmental Protection, 168 Conn. 349, 356
(1975); Horwitz v. Waterford, supra, 323-24. "The financial effect on a particular owner must be balanced against the health, safety and welfare of the community." Samp Mortar Lake Co. v. Town Plan and Zoning Commission, 155 Conn. 310, 315-16 (1967). Mere reduction in value will not suffice for a claim of confiscation. Primerica, supra, at 98; DeForest Hotchkiss Co. v. Planning Zoning Commission, 152 Conn. 262, 271-72 (1964).
The court finds that the plaintiff has not been prevented from operating her sand and gravel business and that the commission in September 1991 granted a permit under which she is now operating. The plaintiff presented no real estate appraisal or other evidence to establish the amount of any claimed diminution of value resulting from the enforcement of the challenged zoning regulations.
Restrictions on buildable area, requirements for setbacks, and other such requirements in residential zoning regulations similarly limit the amount of land area that can be used and require a landowner to devote some of the property to use as a buffer of sorts. Only when such requirements permanently restrict the use of CT Page 9555 a property for any reasonable purposes, however, does a zoning or use provision go beyond permissible regulation and amount to a "practical confiscation." Chevron Oil Co., supra, at 151.
The finding that the plaintiff is now operating under a permit issued by the commission and is conducting her business, albeit under regulatory limitations, precludes a finding of confiscation especially, in the absence of any evidence as to diminution of value.
E. Claimed Twenty-Year Plan
The plaintiff claims that the commission cannot subject her property to current regulations because in 1985 it approved a plan for development of the property over a twenty year period.
The court does not find that the commission ever approved a plan that exempted the plaintiff from complying with the applicable regulations concerning sand and gravel operations. The documents received in evidence do not include any such approval, and the burden is on the plaintiff to prove her claims.
In 1959, when the plaintiff's predecessor in interest presented a plan for excavation that he represented would take twenty years to complete, the commission's minutes reflect the observation that although the use of the property for excavation of sand and gravel was a prior nonconforming use predating zoning, it "must conform to the requirements of the ordinance." The minutes in which these observations are set forth, Exhibit E, ended with the agreement of the operator of the business to supply an amended map, and the plaintiff has not proven that the commission ever in fact approved a particular plan if it received such a plan, nor that any plan was approved automatically, as by operation of8-3(g) C.G.S.
The plaintiff nevertheless adverts to the fact that at various times in the past the size of the buffer required was only ten feet from boundaries with other properties. Even if the plaintiff had proven approval of an excavating plan, where no excavation was actually commenced within the buffer zone, the commission continued to have the right to regulate use of this land and to amend the regulation as events revealed a need for greater protection against harm to other properties. Except in some circumstances not presented here, a party in not entitled to freeze the standards of a prior zoning regulation but is subject to changes later enacted CT Page 9556 that restrict use. Johnson v. Zoning Board of Appeals, 2 Conn. App. 24,26 (1984).
The court finds that the plaintiff has not established her claim of an unconstitutional taking.
Conclusion
The plaintiff has established that she is entitled to a judgment declaring invalid two provisions of Section 7 of the zoning regulations of the Town of Bethany and judgment is hereby entered declaring the invalidity of the following provisions:
 1. Section 7.5(E)(2)(a)(2) as to its provision that the requirement of a 100 foot buffer may be changed or eliminated only if the affected property owner or owners give written notice that they have no objection to such change or elimination of the buffer.
 2. Section 7.5(E)(2)(d) as to its provision that banks and slopes of an area in which excavation has been completed shall be no steeper than 1:3 (vertical to horizontal).
As to all other claims in the revised complaint, including all other prayers for injunctive and declaratory relief, the court finds in favor of the defendant commission, and judgment shall enter in favor of the commission. The plaintiff shall recover her court costs.
Beverly J. Hodgson, Judge