[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION, RE: MOTIONS TO STRIKE (#122, 124)
On December 15, 1993, the plaintiff, KMK Insulation, Inc. (formerly known as VIC Insulation Co. ), filed a three count complaint against the defendants, A. Prete Son Construction Co., Inc. (Prete); MPH Plumbing Heating (MPH Plumbing); and Aetna Casualty and Surety Co (Aetna). The complaint alleges that Prete was the general contractor for construction work at Bunnell High School in Stratford, Connecticut. For this project, Aetna was the surety on the bond that Prete posted pursuant to General Statutes § 49-41. Prete entered into a subcontract with MPH Plumbing. MPH Plumbing and the plaintiff then entered into a contract in which the plaintiff was to provide piping and fitting insulation at Bunnell High School.
Count one alleges that MPH Plumbing has not paid the plaintiff for its services. Count two alleges that Prete has not paid the plaintiff for its services. Count three alleges that Aetna is liable to the plaintiff pursuant to General Statutes § 49-42. Each count also provides that the plaintiff notified each defendant that the plaintiff had not been paid.
On February 10, 1995, Prete and Aetna, filed three revised special defenses. In their first special defense, Prete and Aetna claim that Prete has paid all amounts that the plaintiff claims is owing to MPH Plumbing, Prete's subcontractor. The second and third special defenses are not in issue. CT Page 6994
On February 21, 1995, the plaintiff filed a motion to strike Prete's first special defense (#122) and a memorandum in support of the motion to strike. On that day, the plaintiff also filed a motion to strike Aetna's first special defense (#124) and a memorandum in support of the motion to strike.[1] Neither Prete nor Aetna has responded to the motions to strike.
"`Whenever any party wishes to contest . . . (5) the legal sufficiency of any answer to any complaint, counterclaim or cross complaint, or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof.'" Bouchard v.People's Bank, 219 Conn. 465, 468 n. 3, 594 A.2d 1 (1991), quoting Practice Book § 152.
"In ruling on a motion to strike, the court is limited to the facts alleged in the [pleading]." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). The court must construe the facts in the pleading most favorably to the non-movant. Id. "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., 196 Conn. 91,108-09, 491 A.2d 368 (1985).
In its memoranda in support of the motion to strike, the plaintiff argues that a defense of good faith payments does not apply to actions brought under General Statutes § 49-42. The plaintiff distinguishes this statute from General Statutes §49-36(c). The plaintiff also cites International Harvester Co. v. L.G. DeFelice Son, Inc., 151 Conn. 324, 333, 197 A.2d 638 (1964) for the proposition that the purpose of the bond statute, General Statutes § 49-41, is to protect the laborers, not the surety or general contractor.
As a subcontractor to a subcontractor, the plaintiff has brought this action under General Statutes § 49-42.[2] This statute indicates that a second level subcontractor has a cause of action against the bond. General Statutes § 49-42; Alexander Thomson,Inc. v. B. Perini Sons, Inc., 10 Conn. Sup. 38, 53, (Super.Ct. 1941). The statute does not authorize the general contractor to claim, as a defense, that it made payments to a subcontractor that CT Page 6995 was required to pay its subcontractor. General Statutes § 49-42.
"Because `[t]he statutory requirement of a bond is designed to protect and benefit those who furnish materials and labor to the contractor on public work, in that they may be sure of payment of their just claims, without defeat or undue delay such statutory provisions are to be liberally construed.'" OkeeIndustries v. National Grange Mutual Ins., 225 Conn. 367, 373,623 A.2d 483 (1993).
It follows therefore, that Prete, a general contractor, would not be entitled to allege a payment to MPH Plumbing, a subcontractor, as a special defense to the claim of KMK Insulation, Inc. The policy around the bond statute as announced in OkeeIndustries directs the court not to curtail the right of subcontractors to recover from the entity that posts a bond.
Accordingly, the motion to strike `Prete's first special defense (#122) is granted and the motion to strike Aetna's first special defense (#124) is also granted.
MAIOCCO, JUDGE